

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TOMMY BURGESS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-2477-HFF-TER |
| | § | |
| MCKITHER BODISON, Warden, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the petition be dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 22, 2008, and the Clerk of Court entered Petitioner's objections to the Report on September 23, 2008.

In this action, Petitioner argues that his right to Due Process has been violated by the State of South Carolina's two-and-a-half-year "inordinate" delay in resolving his post-conviction relief (PCR) claim. (Pet'r Objections 3.) In rejecting this argument, the Magistrate Judge relied on Petitioner's pending PCR application as proof of Petitioner's failure to exhaust his state remedies as required under 28 U.S.C. § 2254(b)(1)(A). (Report and Recommendations 3.) The Magistrate Judge understood that inordinate delay in state court proceedings may justify waiver of the exhaustion requirement, but concluded that because Petitioner's only ground raised in his petition was a claim for inordinate delay, that that deficiency alone would be insufficient for habeas relief. (Report and Recommendations 3.) The Magistrate Judge was especially concerned with the impact that a fully adjudicated § 2254 petition would have on Petitioner's future ability to file a successive § 2254 petition raising actual substantive challenges to his state convictions. (Report and Recommendations 3-4.) In other words, if Petitioner's inordinate delay challenge was adjudicated now, he may be unable to bring a successive petition challenging his underlying conviction. *See Long v. Ozmint*, 558 F. Supp. 2d 624 (D.S.C. 2008) (Floyd, J.) (dismissing petitioner's successive application under § 2254 where petitioner had previously filed first application challenging only state's inordinate delay in processing habeas application).

In response to the Magistrate Judge's position that Petitioner has failed to exhaust his state remedies, Petitioner cites 28 U.S.C. § 2254(b)(1)(B)(ii), which allows for an application for habeas corpus where "circumstances exist that render such process ineffective to protect the rights of the applicant." (Pet'r's Objections 4.) He also points to *Smith v. Kansas*, 356 F.2d 654 (10th Cir. 1966), which held that a delay of more than one year in processing a post conviction application entitled a petitioner to seek habeas relief. (Pet'r's Objections 4.) Additionally, Petitioner argues that the

2

Court should apply the four-part balancing test announced in *Barker v. Wingo*, 407 U.S. 514 (1972), and find that he has been deprived of his right to "timely process." (Pet'r's Objections 6.)

To begin, the Court appreciates the Magistrate Judge's efforts to protect Petitioner from a potential ban on bringing a successive § 2254 petition. Although Petitioner may not realize it, he is in a Catch-22. If he is successful in challenging the state's inordinate delay in processing his PCR application, he may have exhausted his only opportunity to challenge his underlying state convictions in federal court. Although § 2254 allows for successive petitions, leave to file such petitions must be granted by the Court of Appeals and is available only in certain limited circumstances. *See* 28 U.S.C. § 2244(b)(2) (2008) (barring successive application under § 2254 unless applicant shows the claim relies on a new rule of constitutional law or the factual predicate for new claim could not have been previously discovered and such facts, if proven, would exonerate petitioner of underlying offense). Petitioner may be unable to meet this standard for bringing a successive § 2254 petition. On the other hand, if the Court follows the recommendation of the Magistrate Judge and dismisses Petitioner's petition without prejudice, he will still be left waiting for the state court to review his application for post conviction relief.

In an effort to escape this impasse, while avoiding ex-parte communications with Respondent, the Court asked the Clerk's office to check on the status of Petitioner's state PCR action.[*] The Court has learned that Petitioner's PCR was called for a hearing on September 17, 2008. Rather than being resolved, however, Petitioner sought to have new counsel appointed against the objections of the State, resulting in the postponement of his PCR action until the next PCR term,

---

[*]Federal courts are allowed to take judicial notice of proceedings in other courts of record. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

3

which will be in March 2009.  This information validates the concerns implied by the Magistrate Judge that if the Court ordered service upon Respondent, Respondent would likely prevail on a motion for summary judgment because the delays in processing Petitioner's PCR were his own fault. *Cf.* 28 U.S.C. 2254(i) (2008) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Furthermore, what distinguishes Petitioner's case from other cases involving inordinate delay claims is that Petitioner has failed to assert any substantive claims upon which the Court could provide relief under § 2254, even if it excused the exhaustion requirement.  *See e.g., Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1991) (noting that if state's delay is unjustifiable court must hear habeas petition on its merits).  Because the Petitioner has failed to assert any grounds for relief besides inordinate delay, even if this argument has merit, the Court will be unable to provide him with other relief, and he will have effectively wasted his opportunity to challenge his state court conviction under 28 U.S.C. § 2254.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that Petitioner's claim should be **DISMISSED** *without prejudice* and without requiring Respondent to file an answer.  By dismissing the case without prejudice, Petitioner need not seek leave from the Court of Appeals to file a subsequent § 2254 petition after he exhausts his state remedies.  *Railford v. Moore*, No. 97-6674, 1997 U.S. App. LEXIS 28748 (4th Cir. Oct. 17, 1997).  Additionally, Petitioner is advised that if the delay in state court continues and he wishes to file another petition under 28 U.S.C. § 2254, then

4

he should assert all possible grounds for federal habeas relief in that petition because it may be his only opportunity to do so.

**IT IS SO ORDERED**.

Signed this 9th day of October, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.